UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KILROY BAILEY                                              CASE NO.   16-80680-CIV-DIMITROULEAS
                                                                      (05-80059-CR-DIMITROULEAS)
      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/

**FINAL JUDGMENT AND ORDER DISMISSING OR DENYING**
**MOTION TO VACATE**

THIS CAUSE is before the Court on Movant Bailey's April 21, 2016 Motion to Vacate. [DE-1]. The Court has reviewed the Court file and Pre-Sentence Investigation Report (PSIR) and having presided over this cause, finds as follows:

1. Bailey was indicted on April 14, 2005 and charged with two counts of Possession of a Firearm by a Convicted Felon and one count of Possession of a Firearm with an Altered Serial Number. [CR-DE-1]. The crimes occurred on September 25, 2004 and October 6, 2004.

2. He was ordered detained on May 16, 2005. [CR-DE-13]. Among the convictions listed in the detention order were: Resisting Arrest with Violence, Aggravated Assault with a Weapon, Aggravated Assault on a Police Officer and Aggravated Battery. The magistrate judge concluded that Bailey qualified for being sentenced as an Armed Career Criminal.

3. On June 8, 2005, Bailey pled guilty to one count of Possession of a Firearm by a Convicted Felon [CR-DE-18], pursuant to a plea agreement. [CR-DE-19]. The plea contemplated a minimum sentence of fifteen (15) years in prison.

4. On August 16, 2005, Bailey was sentenced to 188 months in prison [CR-DE-23]. No appeal was taken.

5. In this collateral attack, Bailey relies on the unconstitutionality of the residual clause to the Armed Career Criminal Act, as enumerated by *Johnson v. U.S.*, 135 S. Ct. 2551 (2015). *Johnson* has been given retroactive application.

6. To qualify as an ACCA, Bailey need have three prior violent felony convictions. Here, he satisfies that requirement under the elements clause, 18 U.S.C. ¶ 924(b)(2)(B)(i), without resorting to the residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).

> A. On January 8, 1988, Bailey was sentenced to twenty (20) days in jail for Resisting An Officer with Violence.[1] (para. 28 of PSIR).
>
> B. On January 12, 1995, Bailey was sentenced to six (6) months probation for Aggravated Battery with a Deadly weapon. (para. 46 of PSIR). (See, *Brooks v. USA*, 2016 WL 1588533 (M.D. Fla. 2016).
>
> C. On October 9, 1997, Bailey was sentenced to one (1) year in the county jail, as a condition of five (5) years probation for Robbbery. (para. 50 of PSIR).
>
> D. On June 7, 2001, Bailey was sentenced to thirty (30) months in prison for Resisting Arrest with Violence (para. 54 of PSIR).

Since Bailey's convictions qualify under the elements clause, rather than the residual clause, his classification as an Armed Career Criminal is not affected by *Johnson*. *U.S. v. Tinker*, 618 Fed. Appx. 635, 637 (11th Cir.), *cert. denied*, 136 S. Ct. 520 (2015). Resisting Arrest with Violence is a violent crime. *U.S. v. Hill*, 799 F. 3d 1318, 1322 (11th Cir. 2015). Aggravated Battery with a Deadly Weapon is a violent crime. *Brooks v. U.S.*, 2016 WL 1588533 (M.D. Fla. 2016). Robbery is a violent crime. *U.S. v. Lockley*, 632 F. 3d 1238, 1240 (11th Cir.), *cert. denied*, 132 S. Cr. 257 (2011).

7. Since Bailey qualifies as an ACCA under the elements clause, Johnson's retroactivity does not apply to him. His motion is time-barred. Alternatively, he is not entitled to relief on the merits.

---

[1] Resisting arrest is a crime of violence. *U.S. v. Mariano*, 2016 WL 285401*81 (11th Cir. 2016); *U.S. v. Hill*, 799 F. 3d 1318, 1322 (11th Cir. 2015).

Wherefore, Bailey's Motion to Vacate [DE-1] is Dismissed, and alternatively, Denied.

The Clerk shall close this case and deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of May, 2016.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Kilroy Bailey, #57241-004
c/o Big Sandy USP
PO Box 2068
Inez, KY  41224

John C. McMillan, AUSA